## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CHOO WASHBURN,

    Plaintiff,

    v.

JUANA QUICO CLARK,

    Defendant.

Civil Action No.: TDC-20-2123

## MEMORANDUM OPINION

Plaintiff Choo Washburn ("Ms. Washburn") has filed this civil action against Defendant Juana Quico Clark, seeking the return of Ms. Washburn's share of certain residential property sold to Clark pursuant to a divorce proceeding in a Maryland state court between Ms. Washburn and her ex-husband. Presently pending before the Court is Clark's Motion to Dismiss, as well Ms. Washburn's Motion for Appointment of Counsel and Motion for Judgment as a Matter of Law. Having reviewed the filings, the Court finds no hearing necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, Clark's Motion to Dismiss will be GRANTED, and Ms. Washburn's Motions will be DENIED.

## BACKGROUND

On January 11, 2016, Ms. Washburn's then-husband, Larry Washburn ("Mr. Washburn"), initiated a complaint for divorce against Ms. Washburn ("the Divorce Proceeding") in the Circuit Court for Montgomery County, Maryland ("the Circuit Court"). *See Washburn v. Washburn*, No. 133326-FL (Cir. Ct. Montgomery Cty. filed Jan. 11, 2016), *available at* http://casesearch.courts.state.md.us/casesearch/. On May 24, 2016, Ms. Washburn filed an

amended counter-complaint for divorce. Both Ms. Washburn and Mr. Washburn were given the opportunity to file statements identifying the marital and non-marital property held prior to any divorce proceedings. On January 30, 2017, the Circuit Court held a trial, at which Ms. Washburn appeared, to resolve the complaints for divorce. On March 23, 2017, the Circuit Court issued a Judgment of Absolute Divorce ("the Divorce Judgment"), formally granting a divorce between Ms. Washburn and Mr. Washburn. In the Divorce Judgment, the Circuit Court made several findings and judgments as to marital property, including directing the sale of the real property located at 11532 Soward Drive, Wheaton, Maryland ("the Property"), as well as another property located in Chevy Chase, Maryland, with the proceeds to be divided equally between Ms. Washburn and Mr. Washburn. To facilitate the sale, the Circuit Court appointed attorney David Driscoll ("the Trustee") as a trustee to sell the Property.

On June 21, 2017, pursuant to the Divorce Judgment, the Trustee filed a Report of Sale and Request for Ratification for Waiver of Publication and Request to Shorten Time to Ratify the Sale ("the Report of Sale") relating to the Property. The Trustee reported that although Mr. Washburn initially wanted to purchase the Property, when he was unable to obtain financing, the sale fell through. The Property had been appraised at a value of $309,000 and was listed at a sale price of $300,000. After the Trustee received four offers, he accepted the best offer in the amount of $315,000. Pursuant to the Divorce Judgment, after the proceeds were used to pay off the mortgage and to cover the costs of sale and other expenses, the remaining proceeds would be divided equally between Mr. Washburn and Ms. Washburn.

On July 3, 2017, Ms. Washburn filed a Motion to Stay the sale of the Property. However, on July 13, 2017, the Circuit Court entered an order approving the request and ratifying the sale ("the Order of Ratification") pursuant to the stated terms of the Report of Sale. By deed dated July

2

20, 2017, the Trustee conveyed the Property to Clark. A day later, on July 21, 2017, the Trustee filed a Trustee's Accounting which itemized the costs paid and the distribution of the sales proceeds.

On August 3, 2017, the Court ruled that Ms. Washburn's Motion to Stay the sale of the Property was moot. Although Ms. Washburn filed a Motion to Stay the Order of Ratification on September 7, 2017, the Circuit Court denied that motion as moot on November 29, 2018. The Circuit Court approved the Trustee's Accounting on April 2, 2018. The Divorce Proceeding concluded in June 2019 and was subsequently closed.

On July 20, 2020, Ms. Washburn filed the Complaint in this case. Ms. Washburn has asserted a state law detinue action seeking the return of her share of the Property, Md. Rule 12-602 (LexisNexis 2020), in which she alleges that the sale of the Property was illegal and that Clark is not the legal owner of the Property. She also appears to assert a claim of elder abuse in violation of the Older Americans Act of 2006, 42 U.S.C. §§ 3001–3058ff (2018).

## DISCUSSION

In her Motion, Clark seeks dismissal of the Complaint on the grounds that (1) the Complaint fails to state a claim upon which relief can be granted; (2) Ms. Washburn's claims are barred by *res judicata* based on the litigation in the Divorce Proceeding; (3) Clark is a bona fide purchaser for value; (4) Ms. Washburn failed to join a necessary party, her court-appointed guardian, and lacks standing to bring this action while she is subject to a court-appointed guardianship; and (5) the Court lacks jurisdiction because the case involves domestic relations. Because the Court finds that Ms. Washburn's detinue claim is barred by *res judicata* and her elder abuse claim fails to state a plausible claim for relief, the Motion will be granted, and the Court need not address Clark's other arguments for dismissal.

3

## I.    Legal Standard

To defeat a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).   A claim is plausible when the facts pleaded allow "the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  Although courts should construe pleadings of self-represented litigants liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), legal conclusions or conclusory statements do not suffice, *Iqbal*, 556 U.S. at 678.  The Court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005).

On a Rule 12(b)(6) motion, documents attached to the complaint or motion may be considered if "they are integral to the complaint and authentic." *Sec'y of State for Defense v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007).  Thus, the Court may consider the motions, orders, and other documents from the Divorce Proceeding attached to the Complaint or the Motion, the authenticity of which has not been questioned.  Courts may also consider facts and documents subject to judicial notice without converting a motion to dismiss into a motion for summary judgment. *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 557 (4th Cir. 2013). "Under this exception, courts may consider 'relevant facts obtained from the public record,' so long as these facts are construed in the light most favorable to the plaintiff along with the well-pleaded allegations of the complaint." *Id.* (quoting *B.H. Papasan v. Allain*, 578 U.S. 265, 283 (1986)).  When considering a Rule 12(b)(6) motion based on *res judicata*, the courts may "take judicial notice of facts from a prior judicial proceeding" when the assertion of preclusion as a

4

defense "raises no disputed issue of fact." *Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000). Accordingly, in resolving the Motion, the Court will take judicial notice of, and consider the docket and record of, the Divorce Proceeding.

## II.     *Res Judicata*

Clark argues that Ms. Washburn's detinue claim relating to the Property is barred by the doctrine of *res judicata*. *Res judicata* mandates that "once a matter—whether a claim, an issue, or a fact—has been determined by a court as the basis for a judgment, a party against whom the claim, issue, or fact was resolved cannot relitigate the matter." *In Re Microsoft Corp. Antitrust Litig.*, 355 F.3d 322, 325 (4th Cir. 2004). Collateral estoppel, also known as issue preclusion, is a subset of *res judicata*. *Id.* at 326. Under Maryland law, collateral estoppel applies where (1) the issue to be precluded is identical to one previously decided; (2) there was a final judgment on the merits; (3) the party against whom estoppel is to be applied was a party or in privity with a party in the prior adjudication; and (4) the party against whom estoppel is to be applied was given a fair opportunity to be heard on the issue. *Leeds Fed. Sav. & Loan Ass'n v. Metcalf*, 630 A.2d 245, 250 (Md. 1993); *see Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 162 (4th Cir. 2008) (holding that the "preclusive effect of a judgment rendered in state court is determined by the law of the state in which the judgment was rendered"). *Res judicata* may be raised on a Rule 12(b)(6) motion to dismiss if the defense raises no disputed issues of fact. *Andrews*, 201 F.3d at 524 n.1; *Thomas v. Consolidation Coal Co.*, 380 F.2d 69, 75 (4th Cir. 1967).

Here, Ms. Washburn seeks the return of her 50 percent share of the now-sold Property through a claim of detinue, a common law action "for the recovery of personal chattels unjustly detained by one who acquired possession of them either lawfully or unlawfully, or the value of them if they cannot be regained in specie." *Durst v. Durst*, 169 A.2d 755, 756 (Md. 1961).

Because this cause of action is necessarily predicated on the claim that the Property was not lawfully sold to Clark during the Divorce Proceeding, it is precluded by collateral estoppel. On the first element, this issue was fully litigated during the Divorce Proceeding. The sale of the Property during the Divorce Proceeding occurred in two parts. First, the Circuit Court ordered, after a trial, that the Property, a home owned by Ms. Washburn and Mr. Washburn during their marriage, was to be sold by the Trustee appointed for that purpose. Second, in enforcing this part of the Divorce Judgment, the Circuit Court ratified the sale of the Property to Clark based on specific information provided by the Trustee. Where the Circuit Court was required to decide at the first stage whether the Property was to be sold, and at the second stage whether the Property was sold in a fair and authorized manner, the Court finds that the Divorce Proceeding previously examined, and resolved, the specific issue of the lawfulness of the sale of the Property to Clark and the distribution of proceeds to Ms. Washburn.

As to the second element, there has been a final judgment on the merits. "Actions for the judicial sale of property . . . may be regarded as comprising . . . sequential, but distinct types of proceedings." *Morgan v. Morgan*, 510 A.2d 264, 270 (Md. Ct. Spec. App. 1986). The first stage involves proving to the court that the sale of the property is appropriate, which results in a court order directing the sale. *Id.* In Ms. Washburn's case, that came in the form of the Divorce Judgment. The second stage involves showing that the sale was conducted fairly and in accordance with necessary procedural requirements, resulting in a court order ratifying the sale. *Id.* In the third stage, the court must determine that the proposed distribution of the proceeds is proper. *Id.* Because "each [stage] culminates in a separate order of court," Maryland courts have found that they "may be separately challenged and adjudicated." *Id.* For example, if a party challenges "the right to sell prior to the sale and the court actually determines that right after a proper hearing, that

6

issue cannot be relitigated in a subsequent phase of the action." *Id.* Indeed, under Maryland law, an order directing the sale of property is immediately appealable and can be considered a final order. *See* Md. Code Ann., Cts. & Jud. Proc. §§ 12-301, 12-303(3)(v) (LexisNexis 2020); *Morgan*, 510 A.2d at 270; *see also Martin v. Dolet*, No. 1218, 2019 WL 449829, at *3 (Md. Ct. Spec. App. Feb. 5, 2019) (holding that the denial of a party's action to rescind a court order to sell marital property was immediately appealable under the plain language of section 12-303(3)(v)). Thus, a final ratification of the sale of property has preclusive effect. *Cf. Jacobsen v. Barrick*, 250 A.2d 646, 648 (Md. 1969) (holding that under Maryland law, "the final ratification of the sale of property in a foreclosure proceeding is res judicata as to the validity of such sale"); *Scott v. Bierman*, 429 F. App'x 225, 230 (4th Cir. 2011) (finding that under Maryland law, an order of ratification "provided a final resolution of all matters relating to the foreclosure sale"). Accordingly, the Circuit Court's Order of Ratification approving the sale of the Property and the division of the proceeds was a final judgment on the merits for purposes of *res judicata* and collateral estoppel. Beyond the procedural finality of the sale of the Property, the Court further notes that the Divorce Proceeding was fully concluded as of June 2019 and the case is now closed. Accordingly, whether based on the Order of Ratification specifically or the completion of the Divorce Proceeding generally, the requirement of a final judgment on the merits has been met.

As for the third and fourth elements, Ms. Washburn was a party to the Divorce Proceeding, and she had a full and fair opportunity to be heard on the prior adjudication of the sale of the Property. During that case, Ms. Washburn presented statements on the roster of marital property, participated in the trial resulting in the Divorce Judgment ordering the sale of the Property, and filed a motion seeking a stay of the sale of the Property, which was ultimately denied as moot. She also filed a motion to stay the Order of Ratification which was also denied. Because Ms. Washburn

was a party to the Divorce Proceeding and fully litigated the issue of the sale of the Property, all elements necessary for the application of collateral estoppel have been established.

Where the Circuit Court's decision on the validity of the sale of the Property was "adequately deliberated and firm," and the Divorce Proceeding has fully concluded, there is "no really good reason for permitting it to be litigated again." *Morgan*, 510 A.2d at 270 (quoting *In Lummus Co. v. Commonwealth Oil Refining Co.*, 297 F.2d 80, 89 (2d Cir.1961)) (finding that issue preclusion barred the relitigation of a court determination after a divorce that the marital home would be sold by a trustee rather than subject to partition). Here, Ms. Washburn's detinue action necessarily depends on her claim that the sale of the Property, and the calculation and division of proceeds, were improper and illegal. *E.g.*, Compl. ¶¶ 2-20, ECF No. 1. Because that issue was decided against Ms. Washburn in the Divorce Proceeding and she is precluded from relitigating it in the present action, her detinue claim necessarily fails and will be dismissed. *See Johnston v. Johnston*, 465 A.2d 436, 445 (Md. 1983) (holding that when a settlement agreement establishing a division of property was incorporated into a divorce decree, the validity of the agreement was "conclusively established and the doctrine of *res judicata* operates so as to preclude a collateral attack on the agreement").

## III.    Failure to State a Claim

Even if the detinue claim were not barred by collateral estoppel, it also fails because, under Maryland law, a detinue action is available to seek the return of "personal property," Md. Rule 12-602, which consists of "personal chattels," *Durst*, 169 A.2d at 756 (holding that a detinue action seeks "the recovery of personal chattels unjustly detained"). Where Ms. Washburn is seeking the "return of . . . 11532 Soward Drive, Wheaton, MD 20902," Compl. at 5, which is real property,

not personal chattel, the Court finds that the detinue claim must also be dismissed because it fails to state a plausible claim for relief.

Ms. Washburn's references to the Older Americans Act of 2006 and other federal state statutes and legislative bills also do not state a plausible claim for relief. The Older Americans Act ("OAA"), first enacted in 1965, established a program of federal grants for state and community social services designed to assist needy older persons. *Legal Servs. of N. California, Inc. v. Arnett*, 114 F.3d 135, 137 (9th Cir. 1997); 42 U.S.C. § 3001 (stating that the objectives of the OAA include assisting the nation's older people "to secure equal opportunity to the full and free enjoyment" of objectives such as adequate income in retirement, positive physical and mental health, suitable housing, institutional care services, and efficient and cost-effective community services). Although Ms. Washburn references the definition of "exploitation" of older individuals set forth in the 2006 amendments to the OAA, Pub. L. No. 109-365, 120 Stat. 2522, 2524 (2006), that term is used in the statute's directive to the Department of Health and Human Services to engage in elder abuse prevention and services, *id.* at 2527. That language does not provide a private right of action against private individuals for alleged discrimination or exploitation of older individuals. *See Want v. Shindle Properties, LLC*, No. PWG-18-2833, 2018 WL 5392521, at *5 (D. Md. Oct. 29, 2018) (holding that "the Older Americans Act, 42 U.S.C. § 3001 et seq., does not provide for a cause of action for [age] discrimination"). Moreover, Ms. Washburn does not provide facts supporting a plausible claim that Clark's actions in purchasing the Property pursuant to a court-authorized sale, at a price approved by the court, constituted financial exploitation of the elderly or otherwise violated any provision of the OAA.

Likewise, Ms. Washburn's references to 18 U.S.C. § 241, a federal criminal statute; section 8-801 of the Criminal Law Article of the Maryland Code, a state criminal statute; and Maryland

9

House of Delegates Bill 956, H.B. 956, 2018 Leg., 438th Sess. (Md. 2018) ("H.B. 956"), which was never enacted by the state legislature, do not state plausible causes of action against Clark. *See Iqbal*, 556 U.S. at 678. The Court will therefore grant the Motion as to any claims under the Older Americans Act or the other identified legislative authorities.

## IV.    Other Motions

Ms. Washburn has also filed a "Petition to Appoint an Attorney for the Plaintiff in the Above Civil Action No. TDC-20-cv-2123," ECF No. 18, which the Court construes as a Motion for Appointment of Counsel, and a "Motion for Judgment as a Matter of Law, Pursuant to Fed. R. Civ. P. Rule 50(a)(2) and Maryland Law, Rule Section 8-801(6)(i)(b)(2)(c)(1)(iii)2(f), and Maryland Law Rule Section 7-101 (Definitions), and Pursuant to Md State, Bill Number: H.B. 956" ("Motion for Judgment as a Matter of Law"), ECF No. 27. Given that the Court has found that this case is subject to dismissal because Ms. Washburn's claims in this case are barred by collateral estoppel and she otherwise fails to state an actionable claim, the Court will deny Ms. Washburn's request for appointment of counsel.

For the same reasons, Clark's Motion for Judgment as a Matter of Law necessarily fails. Moreover, as Clark correctly notes in opposing the Motion for Judgment as a Matter of Law, Federal Rule of Civil Procedure 50 authorizes a motion seeking judgment as a matter of law during or in relation to a jury trial and thus is inapplicable at this stage of the case. Fed. R. Civ. P. 50(a). Finally, Ms. Washburn's references to the various identified provisions of state law likewise do not provide any basis for judgment as a matter of law.

## CONCLUSION

For the foregoing reasons, Clark's Motion to Dismiss will be GRANTED. Ms. Washburn's Motion for Appointment of Counsel and Motion for Judgment as a Matter of Law will both be DENIED. A separate Order shall issue.

Date:  May 21, 2021

THEODORE D. CHUANG
United States District Judge